## Howard and another vs. The City of Oshkosh.

RES ADJUDICATA. (1) *Former decision herein, how far.*

CONTRACT. (2) *Contractor entitled to contract price, less cost of completing unfinished contract, when work has been accepted*

1. The validity of the contract by which plaintiffs agreed to build for the defendant city a certain bridge, was affirmed on a former appeal in this case (33 Wis., 309), and is *res adjudicata.*

2. It appears by undisputed evidence that the bridge was built and completed by plaintiffs according to the contract, except that they did not paint it; that it was accepted by the city unpainted, and was painted by it at an expense of $175 ; and that there remains unpaid to plaintiffs on the original contract price, after deducting the cost of painting, the sum of $125, for which this action is brought, and there is no evidence that plaintiffs have in any way released the city from payment of such balance. *Held*, that the court should have directed the jury to return a verdict in favor of plaintiffs for the amount claimed; and it was error to submit to them the question whether plaintiffs, when the bridge was accepted, made a valid contract with the city, through the bridge committee of the common council, for the payment of such balance.

APPEAL from the County Court of *Winnebago* County.

This case was here on a former appeal, and a sufficient statement thereof is contained in the report. 33 Wis., 309. On the second trial, the only question which the court submitted to the jury was, whether the city had fully paid the plaintiffs for building the bridge; or whether it was agreed by the parties that the balance of the $300 retained by the city, after deducting therefrom the expense of painting the bridge, should be paid to the plaintiffs. The jury returned a verdict for the defendant, and the plaintiffs appealed from the judgment rendered against them pursuant to the verdict.

*Jackson & Halsey*, for appellant.

*W. R. Kennedy*, for respondent.

LYON, J. Had the plaintiffs painted the bridge, they would have been entitled to the $300 which remained unpaid on their

contract with the city to build the bridge. Had the city paid another person $175 for painting the bridge, without any agreement or understanding with plaintiffs on the subject, they would have been entitled, at least, to the balance of the $300. Manifestly, they can be in no worse condition because they attempted to make a contract with the city, through a committee of the common council, that they should be paid such balance. Hence, it is quite immaterial whether a valid contract to that effect was or was not made. The right of the plaintiffs to such balance does not depend upon the validity of their agreement with the bridge committee, but upon their original contract to build the bridge. The validity of such original contract was directly adjudicated on the former appeal, and the question is *res adjudicata.*

The evidence is undisputed, that the bridge was built by the plaintiffs in accordance with the terms of the contract, except that they did not paint it; that it was accepted by the city, and painted by it at an expense of $175; and that there remains unpaid to the plaintiffs on the original contract price for building the bridge, after deducting therefrom the cost of painting, the sum of $125. There is no testimony which tends to show that the plaintiffs have in any manner released the city from the payment of such balance. We cannot call to mind any principle of law or morals which defeats the plaintiff's right to recover it. Instead of submitting to the jury the question whether the plaintiffs had been fully paid for building the bridge, we think the court should have directed the jury to return a verdict for the plaintiffs for the sum claimed by them.

*By the Court.* — The judgment is reversed, and a new trial ordered.