Filed June 7, 1893.

◆

No. 954.

## Little *v*. The Board of Commissioners of Hamilton County.

Gravel Road.—*Cost of Construction.—Who Liable for.*—The statute conferring upon the board of county commissioners the power to make public improvements in the construction of gravel roads, requires that the entire costs shall be collected from the property owners, and in no event can the cost of such improvement, or any part thereof, be paid out of the county's funds.

Same.—*County Commissioners.—Agency.—Limitation of Authority.*—The board of commissioners, in the construction of a free gravel road, does not act as the agent of the county, but represents the interests of the property-owners whose lands are liable to be assessed to pay for such improvement, and such agency, being an enforced one, is operative only to the extent and upon the conditions provided by the law creating it.

Pleading.—*Paragraphs of a Pleading.—Each Complete of Itself.*—The allegations of one paragraph of a pleading can not be aided by reference to allegations of another paragraph, but each paragraph must be complete of itself.

From the Hamilton Circuit Court.

*J. F. Neal* and *W. Neal*, for appellant.

*W. S. Christian*, *T. J. Kane* and *T. P. Davis*, for appellee.

Ross, J.—The record discloses this to have been a

proceeding instituted by the appellant before the Board of Commissioners of Hamilton County, Indiana, by filing a claim for labor, material, etc. The claim was disallowed, and the appellant appealed to the Hamilton Circuit Court, where he filed an amended complaint in two paragraphs. Demurrers for want of facts were sustained by the court to each paragraph, and these rulings of the court are the only errors assigned here.

The first paragraph of the complaint discloses that the appellant entered into a written contract with the appellee, whereby he undertook and agreed, for a stipulated price, to construct a free gravel road, specifically describing the same, he to furnish the necessary material, be to all expenses in finding gravel, opening and keeping banks or pits in order, watching gaps when hauling through enclosures, and any and all other expenses incurred by him in the construction of said free gravel road, and to grade, bridge, ditch, and gravel said road, and complete the same in all respects in accordance with the plans and specifications.

It is then averred by the appellant that he commenced the construction of said road, and that during the progress of the work the appellee "modified and changed said contract, as to the details of said work, in such manner as to require and render necessary additional labor and material and extra expenses of said contractor in making said improvements in excess of the labor, material and expenses thereof under said contract, plans and specifications, before the said contract was modified and changed," which changes and modifications were beneficial and necessary to the proper construction of said road; that appellant made said changes, incurred said increased expenses, did the extra work, and furnished the additional material, at the instance and request of the appellee.

It is also averred that appellant has been paid the entire contract price, but payment for said extra work, material, etc., has been refused, and is due and unpaid.

The second paragraph is somewhat different from the first, in that it alleges that the appellee made an order for an estimate of the cost of making said improvement, but afterwards rescinded the order, and that the assessments already made are insufficient to pay the original contract price, and also for said extra labor, material, etc.; that the appellee, although petitioned so to do, has failed and refused to give proper notice and to re-assess the lands benefited by said improvement.

It is also averred in this, as in the first paragraph, that the appellant contracted with the appellee to construct said road for a stipulated price, and instead of making the contract a part of this paragraph, refers to the first paragraph to make it complete with reference to the contract.

We deem it unnecessary to consider or decide questions presented relative to the authority of the appellee to change the original contract, imposing greater burdens upon the land-owners under the original contract, without notice and public letting, for the reason that another question arises which is fatal to appellant's cause of action as presented by his complaint.

This action is against the board of commissioners as the representatives of the county, to recover a judgment which, if rendered, must be paid out of the general fund of the county. In other words, it is an action to recover from the county.

The board of commissioners, in the construction of free gravel roads, are not acting as the agents of the county, but, by the terms of the law, represents the interests of the property-owners whose lands are liable to be assessed to pay for such improvements; such agency,

however, being an enforced one, is subject and operative only to the extent and upon the conditions provided by the law creating it.

If the commissioners are not the agents of the county in the construction of free gravel roads, and the law grants them no power to create a liability in making such improvements, which the county shall pay, it is impossible to conceive upon what theory the appellant can maintain this action.

The statute conferring upon them the power to make such improvements does require that the entire cost shall be collected from the property-owners, and it can not be inferred that it was intended that in any event, or under any circumstances, should the cost of the improvement, or any part thereof, be paid out of the county's funds. *Board, etc.,* v. *Fullen,* 111 Ind. 410; *Spidell* v. *Johnson,* 128 Ind. 235.

Had this been an action to compel the board to make an assessment or to pay over funds already collected, a different question would be presented. Such, however, is not the theory of this complaint.

The second paragraph of the complaint, in addition to its want of general facts to state a cause of action, is sought to be made complete by reference to the first paragraph. It has been so often decided, as to require no citation of authorities, that the allegations of one paragraph of a pleading can not be aided by reference to the allegations of another paragraph. Each pleading must be complete in itself.

There was no error in sustaining the demurrers to each paragraph of the complaint.

Judgment affirmed.

DAVIS, J., was not present and did not participate in the decision of this case.

Filed June 7, 1893.