# APRIL TERM, 1895.*

LOUIS GEORGE ET AL. V. THE WYANDOTTE ELECTRIC
LIGHT COMPANY ET AL., AND WILLIAM CAMPBELL
ET AL. V. THE CITY OF WYANDOTTE ET AL.

[Two cases.]

*Municipal corporations—Contract for public lighting—Injunc-
tion—Parties—Accounting.*

1. Tax-payers of a city, who are electors therein, are proper par-
ties to a suit to enjoin the city from illegally disposing of the
corporate funds, or illegally creating a corporate debt.

2. In a suit to enjoin the carrying out of a contract with an
electric company to furnish a plant for a city, the court de-
creed that the contract was void, and enjoined the payment
of any more moneys thereunder. There was no dispute as to
the amount of money which the city had paid on the con-
tract. And it is held that the court should have required the
electric company to account to the city for the money it had
received, and ordered it to refund the same into the city treas-
ury, and thus dispose of the entire controversy.

3. Where at an election regularly petitioned for, ordered, and held
under Act No. 186, Laws of 1891, entitled "An act to author-
ize the cities and villages of this State to provide for the
lighting of their streets and other public places therein by
means of electric or other lights," a majority of the qualified
electors of a city vote in favor of constructing works for pub-
lic lighting, it is not within the power of the city council to
wholly set aside that action, and at once let a contract to
private parties for lighting the city for a term of years.

* Continued from Vol. 104.

Appeals from Wayne. (Gartner, J.) Argued October 31, 1894. Decided April 16, 1895.

Bills to determine the validity of certain contracts for public lighting. Defendant Wyandotte Electric Light Company, and complainants Campbell *et al.*, appeal. Decrees modified and affirmed. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor*, for appellants.

*Charles W. Casgrain*, for complainants George *et al.* and defendant Western Electric Company.

*Dickinson, Thurber & Stevenson*, for defendant city of Wyandotte, and of counsel for complainants George *et al.*

LONG, J. These cases were heard together in the Wayne circuit court in chancery, and are both here on appeal. We shall refer to them as the "George case" and the "Campbell case." The pleadings in each case are here, but there is but one record, which substantially contains all the testimony in reference to each case. The cases involve the validity of two contracts made by the city of Wyandotte, one with the Western Electric Company, of Chicago, for the construction of an electric light plant for the city, and the other with the Wyandotte Electric Light Company for lighting the city for the period of five years.

It appears that in 1891 the Wyandotte Electric Light Company, a local company, was engaged in lighting the city under a contract which would expire February 1, 1893. Prior to the last-named date, such proceedings had been had that a contract was let by the city to the Western Electric Company to build for it a plant of its own for the sum of $11,937, one-half to be paid on delivery of the apparatus on the ground. The mayor and city clerk were directed by

resolution of the council to issue bonds of the city for the sum of $12,000. These bonds were issued and sold, and the proceeds directed to be deposited with the city treasurer, and on February 20, 1893, the city treasurer paid to the Western Electric Company the sum of $5,-961.50. On March 1, 1893, the council declared all the proceedings to have a plant built irregular and void, and by resolution vacated and set aside such proceedings, and accepted a bid from the Wyandotte Electric Light Company to light the city for five years from that time.

The bill is filed in the George case by Mr. George and some 20 or more others, tax-payers and electors of the city of Wyandotte, against the Wyandotte Electric Light Company and the mayor, clerk, treasurer, and aldermen of the city of Wyandotte, to restrain them from carrying out the contract with the Wyandotte Electric Light Company, and to restrain the payment of any money thereunder, and that the officers and the common council of the city be directed to recognize the contract made with the Western Electric Company as legal and in full force, and to audit, allow, and pay all moneys due under said contract according to its terms. The Wyandotte Electric Light Company answered, setting up that the contract with the Western Electric Company was void, and that the contract with the Wyandotte Electric Light Company was a valid and binding one upon the city and its officers.

In the Campbell case, the bill is filed by Mr. Campbell and others, residents, citizens, and tax-payers of the city, against the city of Wyandotte, the mayor, clerk, treasurer, and aldermen, and the Western Electric Company. This second bill sets up the regularity of the proceedings to the making of the contract with the Wyandotte Electric Light Company, and asks to have that contract enforced; and also asks to have the contract with the Western Electric Company declared void by reason of certain irregularities and illegalities in the proceedings

on the part of the city council, and in the proceedings
of the electors' meeting by which the council was author-
ized to bond the city to raise money for building the
plant. An injunction is asked restraining the Western
Electric Company from completing the plant, and
restraining the officers of the city from paying any more
money to it for that purpose, and that the Western Elec-
tric Company and the officers of the city account to the
city for the moneys the Western Electric Company has
already received. The city and the Western Electric
Company answered.

The causes being at issue, the testimony was taken in
open court, and a decree entered in each cause. In the
George case the court decreed, substantially, that the
officers of the city refrain from paying any money to the
Wyandotte Electric Light Company, and declared that
contract void. In the Campbell case the court declared
the contract of the Western Electric Company void, and
also directed that the city refrain from paying any more
moneys thereunder. It was further provided in that
decree as follows:

"That the decree shall be without prejudice to the
rights of the city of Wyandotte or the Western Electric
Company to bring suit against the other in relation to
the purchase money of said electric light plant, or the
money heretofore paid to said Western Electric Com-
pany on account of said pretended contract."

From this decree in the George case the defendant the
Wyandotte Electric Light Company appeals. In the
Campbell case the complainants appeal. The Western
Electric Company and the city do not appeal.

The only contention in the Campbell case is that the
court, in declaring the contract of the Western Electric
Company void, should have compelled that company and
the mayor, clerk, and treasurer of the city to enter into
an accounting with the city for the moneys the Western
Electric Company had received from the officers of the
city illegally, and required the Western Electric Com-

pany and the mayor, clerk, and treasurer of the city to
pay over any money found due the city on such account-
ing; and that the court was in error in remitting the
parties to their action at law.   We shall consider this
subject first.   In this case the complainants pray that the
money be repaid into the treasury, in order that the
money may be a fund to meet the bonds when due, if
valid by reason of being in the hands of *bona fide*
purchasers, or otherwise.   The court below found
the contract between the city and the Western Elec-
tric Company void, and the city officers and the
Western Electric Company have not appealed.   The
complainants   in   that   case,   however,   do   appeal,
upon the ground that the court should have awarded
an accounting between the city and the Western
Electric   Company.   The   only   question,   therefore,
which we need consider on this appeal, is whether the
Western Electric Company shall so account.   The facts
were all before the court.   It had full jurisdiction of the
parties and the subject-matter, and, the contract being
void, the Western Electric Company had in its posses-
sion a sum of money illegally and wrongfully paid by the
city officers without warrant of law.   There is no dis-
pute about the amount.   It is the sum of $5,961.50, and
it was paid on February 20, 1893.   For this amount the
Western Electric Company must account in this action
to the city, with interest at 6 per cent. from February
20, 1893.   The principle that equity, having once
acquired jurisdiction, will retain it to give such full relief
as will finally dispose of the controversy, is well settled.
*Whipple v. Farrar*, 3 Mich. 436; *Miller v. Stepper*, 32 Id.
194; *Wallace v. Wallace*, 63 Id. 326; *Drayton v. Chandler*,
93 Id. 383, 388; *In re Petition of Axtell*, 95 Id. 244; *Chase
v. Boughton*, 93 Id. 285.   The tax-payers of the city who
file this bill are proper parties to a suit to enjoin the city
from illegally disposing of the corporate funds, or ille-
gally creating a corporate debt.   *McCoy v. Briant*, 53 Cal.
247; *Withington v. Inhabitants of Harvard*, 8 Cush. 66;

*Mayor, etc., of Baltimore v. Gill,* 31 Md. 375; *Merrill v. Plainfield,* 45 N. H. 126; 10 Amer. & Eng. Enc. Law, p. 963, and note. We think there is no sufficient ground shown to hold the officers of the city to the payment of this fund. The Western Electric Company had the money under an illegal and void contract, and must account for it. The decree in the Campbell case will therefore be modified by requiring such accounting, and refunding into the city treasury the sum specified, with interest as above stated. In other respects that decree will be affirmed, with costs to complainants.

In the George case it appears that the council, regarding the contract with the Western Electric Company as invalid, on March 1, 1893, rescinded all action previously taken in relation thereto, and made a contract with the Wyandotte Electric Light Company for the period of five years. The statute empowers the council to enter into a contract for lighting streets and other public places for a period of five years. Act No. 186, Laws of 1891. The former contract with the Wyandotte Electric Light Company expired on February 1, 1893. It was in writing, and on file in the city clerk's office. On January 30, 1893, a communication was sent by that company to the city council containing a proposition to extend the contract for a term of years at $60 per light per annum. This was read to the council and filed with the city clerk. The communication was laid on the table until March 1, when it was taken up, and a resolution passed that—

"The proposition of the Wyandotte Electric Light Company aforesaid be and the same is hereby accepted, and that the term of the contract with said Wyandotte Electric Light Company be for the period of five years from and after the 1st day of March, 1893, at the rate of $60 per lamp per annum for 40 lamps, and at the same rate for all additional lamps ordered by the council; it being understood and provided that the said Wyandotte Electric Light Company shall have 60 days within which to provide all extra lamps over those now in use. It is

further resolved that the terms of this contract for lighting shall be the same as the contract with said Electric Light Company which terminated February 1, 1893, and that the same shall be binding upon the acceptance of this resolution and contract by said Wyandotte Electric Light Company, which must be filed with the city clerk within five days from this date."

This resolution was passed by a vote of six yeas and no nays, a yea and nay vote being taken, and duly recorded in the journal of the proceedings. In accordance with the terms of this resolution, a written acceptance was duly filed by the company. On March 8, 1893, a meeting of the council was held, but no motion to reconsider was made, and the minutes of the former meeting were read and approved.

It is contended, however, that this contract is void, because in direct violation of the act of 1891; that, after an election had been held at which the people had determined for the construction of a plant, no contract could be legally entered into with the local company to light the public places and streets; that the qualified electors had determined the manner in which they proposed to take advantage of the act of 1891, and any other contract except in accordance with such determination is void.

The title to Act No. 186, Laws of 1891, is as follows:

"An act to authorize the cities and villages of this State to provide for the lighting of their streets and other public places therein by means of electric or other lights."

The body of the act provides for two independent methods of doing this: *First*, by purchase or construction of a plant; *second*, by contract for the furnishing of light. Section 3 of the act provides that—

"Whenever 100 or more of the qualified electors of any city or village in this State shall petition to the common council of such city or the board of trustees of such village to submit to the electors thereof the question of

whether or not said city or village shall avail itself of the provisions of this act, it shall be the duty of such common council or board of trustees, as the case may be, to submit such question to the electors of such city or village at its next regular election therein; and, in case a majority of the electors shall vote in favor of such city or village availing itself of the provisions of this act, it shall thereupon become the duty of the common council of such city or the board of trustees of such village to take such action as shall be necessary to carry such resolution into effect, in the same manner and with the same effect as if such common council or board of trustees had by resolution declared the same to be expedient, as provided for in section 2 of this act," etc.

It is evident from the reading of the whole act that it was the legislative intent to permit a majority of the qualified electors to determine the manner in which the city should be lighted, whether by the purchase or construction of a plant of its own, or by a contract for a term of not less than three nor more than ten years. It appears that on December 30, 1891, a petition was presented to the council, signed by 221 of the qualified electors of the city, asking that the question be submitted to the electors whether they would avail themselves of the provisions of this act. This question was submitted by resolution of the council at the April election in 1892, as follows:

"All electors voting in favor of such question shall vote a ballot containing the words: 'In favor of constructing works for public lighting,—Yes.' All electors voting against said question shall vote a ballot containing the words: 'In favor of constructing works for public lighting,—No.'"

Seven hundred electors voted in favor of constructing the plant, and 29 against. While it is true that the court below found the proceedings void as to the contract with the Western Electric Company to erect a plant,—and we think properly,—by reason of the many irregularities therein contained, yet it is evident from the vote of the electors that they were in favor of availing themselves

of the provisions of the act to erect a plant by the city, and consequently not in favor of a contract for a term of years. However irregular and void the proceedings of the council may have been leading up to the making of the contract with the Western Electric Company, we think, the people having exercised their option under the act to build a plant, it was not within the power of the council to wholly set aside that action, and at once let a contract for a term of years. The act makes the electors the judges as to the manner in which they shall avail themselves of its benefits.

The court below was therefore correct in holding the contract with the Wyandotte Electric Light Company void. That decree will be affirmed, with costs.

The other Justices concurred.