AFFELD *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS — PUBLIC WORK—CONTRACTS — IMPLIED ASSUMPSIT.

> One who has constructed a sewer for a city under a contract providing, in accordance with a charter provision, that he will depend entirely on special assessments for his compensation, cannot recover a judgment against the city upon an implied *assumpsit* for the amount of his claim, although a temporary injunction has been issued restraining the city from collecting the assessment, and it has delayed taking steps either to establish the validity of such assessment or to make a new one.

Error to Wayne; Aldrich, J., presiding. Submitted February 3, 1897. Decided May 11, 1897.

*Assumpsit* by John Affeld against the city of Detroit to recover for the construction of a sewer. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Arthur Webster* (*Charles Flowers*, of counsel), for appellant.

*James H. Pound*, for appellee.

HOOKER, J. The plaintiff constructed a sewer under a contract between himself and the city of Detroit. The charter of the city in force when the contract was made provided:

"No contract shall be let or entered into for the construction of any public work, or for any work to be done, * * * until a tax or assessment has been levied to defray the cost and expense of the same, and no such work * * * shall be paid for, or contracted to be paid for, except out of the proceeds of the tax or the assessment thus levied."

And the contract included the following provision:

"And it is expressly agreed by and between the parties hereto that the said city of Detroit, the party of the second part, shall in no event be liable to the party of the first part for any part or portion of the cost of the labor and materials, and that the said party of the first part shall never ask for or receive from the city any part or portion thereof, but shall depend entirely upon such special assessments for their compensation."

An assessment was made upon adjoining premises, and, after the collection of a portion of the sum assessed, an injunction bill was filed, and an injunction issued, to restrain further steps to collect the remainder, and apparently the city authorities have no confidence in their authority to collect the same; and, although no decree has been taken, the restraining order is in force, and no attempt has been made to bring the litigation to a close, or to make another assessment. The ground of the suit to enjoin the collection appears to be that the city authorities constructed a new sewer under a resolution to reconstruct an old one. Whether or not the assessment was void has not been decided, and we cannot, upon this record, determine that question, or whether, if so, a new assessment might be lawfully made. As already seen, the charter expressly forbids that work shall be paid for except out of the proceeds of the assessment. A *special agreement* to do otherwise would be null and void, yet we are asked to say that the *law will imply a promise which will be binding.* In other words, the city shall not have power to contract to pay for this sewer except from the proceeds of a special assessment, yet if, for any reason, it does not pay for it from such assessment, then it shall be liable generally for the work done. This would enable the council to evade the organic law, and accomplish by indirection what it cannot do directly. All contracting with the city are bound to know that there is this limitation upon its power. Whatever other remedy such persons may have, they cannot compel the city to do

an act expressly prohibited by its charter. In the case of *Goodrich* v. *City of Detroit*, 12 Mich. 279, this court intimated that the city has not the power to make itself responsible for the price of any public work. See, also, *Second Nat. Bank* v. *City of Lansing*, 25 Mich. 207; *City of Detroit* v. *Michigan Pav. Co.*, 36 Mich. 335; *George* v. *Electric Light Co.*, 105 Mich. 1; *Craycraft* v. *Selvage*, 10 Bush, 696. This seems decisive of the only question which counsel discuss. Apparently, the city has had the benefit of the plaintiff's labor, under circumstances which made it inequitable that he should not be paid for it. As before stated, whether the law will now permit an asessment to raise the money to pay him, we have no means of knowing; but we feel constrained to hold that, whether it will or not, the work cannot be paid for from any other fund than that raised for the purpose according to law.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.