KIMMERLE *v.* VILLAGE OF CASSOPOLIS.

MUNICIPAL CORPORATIONS — PARTIES — SUIT TO SET ASIDE CONTRACTS—STATUTES—JURISDICTION IN EQUITY.

Failure to show that the complainants are pecuniarily interested in the controversy in an amount greater than $100 warrants the dismissal of a suit by taxpayers of a village to obtain the rescission of contracts made by the village for the furnishing of water and light to the municipality. 1 Comp. Laws, § 435.

Appeal from Cass; Des Voignes, J. Submitted October 13, 1909. (Docket No. 59.) Decided March 5, 1910.

Bill by Charles H. Kimmerle and another against the village of Cassopolis and the Milling & Power Company to enjoin the performance of certain contracts. From a decree dismissing the bill, complainants appeal. Affirmed.

*Ulysses S. Eby* (*John R. Carr*, of counsel), for complainants.

*M. L. Howell*, for defendant village.

*Smith & Lyle*, for defendant Milling & Power Co.

MOORE, J. The bill of complaint is filed by two citizens of Cassopolis who describe themselves as resident freeholders and taxpayers. They seek to invalidate two contracts made May 14, 1908, between the two defendants, one for pumping water for the village, and the other to pay for lighting the streets of Cassopolis with arc lights, and to restore two similar contracts made in 1901, between the defendants, which would have expired according to their terms July 1, 1912. Each of the defendants filed an answer to the bill of complaint and an answer in the nature of a cross-bill. Replications and demurrers were interposed. A hearing was had in open court. Com-

plainants' bill of complaint was dismissed.   The two con-
tracts of May, 1908, were amended.   The complainants
have brought the case here by appeal.   The defendants
have not appealed.

The record discloses that the village authorities are not
complaining about the contracts which it has entered into
with the defendant the Milling & Power Company.   In
his decree the trial judge found that the "complainants
have no such right or interest in the subject-matter of this
suit as authorizes them or either of them to maintain the
same."

In our view of the record, it will be unnecessary to con-
sider many of the questions discussed by the solicitors.
We have aleady stated that complainants describe them-
selves as resident freeholders and taxpayers.   Nowhere in
the bill is it stated that they will sustain any pecuniary
loss because of the contracts stated in the bill of complaint.
In paragraph 22 of the bill it is said:

"Your orator, Charles H. Kimmerle, further shows
that he is a member of said village council, but is opposed
to such purported contract," etc.

In paragraph 29 of the bill of complaint it is stated:

"And your orators aver that the value of the matter
and differences involved herein exceeds the sum of $1,000."

This is the extent of the averments in relation to the
effect upon the complainants of the doing away of the old
contracts by making of the new ones.   It is not averred,
and it is not shown by the record, that complainants are
affected pecuniarily by these contracts in any substantial
way.

Complainants say they are authorized to file this bill be-
cause they are freeholders and taxpayers, and cite in sup-
port of their contention the case of *George* v. *Electric
Light Co.*, 105 Mich. 1 (62 N. W. 985).   A reference to
that case shows that two cases were heard as one, and
that in the *George Case* Mr. George and 20 or more other
taxpayers joined in the bill of complaint, while Mr. Camp-

bell and other citizens and taxpayers joined in the bill of complaint. As no question of jurisdiction was raised, it is not a violent assumption that complainants' interest in the litigation amounted to more than $100. Section 435, 1 Comp. Laws, provides:

"Such courts shall dismiss every suit concerning property, * * * where the matter in dispute shall not exceed one hundred dollars," etc.

This case is not within the exceptions named in said section.

The decree is affirmed, with costs.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.