Strieb v. Cox; Treasurer, et al.

The record, we think, presents no error for which this court should reverse the judgment.

Judgment affirmed.

Filed June 18, 1887.

---

No. 12,809.

## STRIEB v. COX, TREASURER, ET AL.

FREE GRAVEL ROAD.—*Assessment.—Collateral Attack.*—Assessments for the construction of a free gravel road can not be impeached collaterally, unless the proceedings of the board of commissioners under which they are made are void.

COUNTY INDEBTEDNESS.—*Free Gravel Road Bonds.—Constitutional Inhibition.*—Bonds issued by a board of commissioners, under the provisions of section 5097, R. S. 1881, for the purpose of raising money for the construction of a free gravel road, do not constitute or evidence an indebtedness incurred by the county within the inhibition of article 13 of the State Constitution.

From the Grant Circuit Court.

*J. A. Kersey* and *L. D. Baldwin,* for appellant.

*A. Steele* and *R. T. St. John,* for appellees.

Howk, J.—Errors are assigned here by appellant, the plaintiff below, upon the record of this cause, which call in question (1) the overruling of his demurrer to the third paragraph of appellees' answer, (2) the sustaining of appellees' demurrer to the first and second paragraphs of appellant's reply, and (3) the sustaining of appellees' demurrer to the third paragraph of appellant's reply.

From these assignments of error, it is manifest that this case is presented here solely upon the pleadings of the parties respectively. The suit was by appellant, Strieb, as plaintiff, against the appellees, the treasurer, auditor and board of commissioners of Grant county, as defendants. In

| | |
|---|---|
| 111 | 299 |
| 111 | 600 |
| 112 | 366 |
| 115 | 330 |
| 116 | 381 |
| 120 | 523 |
| 111 | 299 |
| 124 | 299 |
| 125 | 463 |
| 127 | 505 |
| 111 | 299 |
| 128 | 76 |
| 128 | 238 |
| 111 | 299 |
| 130 | 517 |
| 111 | 299 |
| 131 | 424 |
| 132 | 29 |
| 132 | 217 |
| 111 | 299 |
| 135 | 383 |
| 111 | 299 |
| 137 | 388 |
| 111 | 299 |
| 140 | 254 |
| 111 | 299 |
| 146 | 471 |
| 146 | 503 |
| 111 | 299 |
| 148 | 473 |
| 149 | 122 |
| 111 | 299 |
| 153 | 256 |
| 153 | 278 |
| 111 | 299 |
| 155 | 488 |
| 155 | 495 |
| 111 | 299 |
| 171 | 722 |

his complaint herein, which was filed below on the 23d day of January, 1884, appellant alleged that he was a citizen and taxpayer of Grant county, and had paid all taxes legally assessed against and due from him in such county; and that he was the owner, in fee simple, of certain parcels of real estate, particularly described, all in Grant county.

Appellant further alleged that, on the 14th day of August, 1883, the value of all the taxable property within Grant county, as ascertained by the last assessment for State and county taxes, prior to the day and year last named, was $8,972,840, and that two per centum of that amount was $179,456.80; that, on such 14th day of August, 1883, and for three months previously, such county of Grant was indebted in the sum of $280,301.33, of which indebtedness of such county the sum of $215,000 was then and since evidenced by the bonds of such county of Grant, then and since outstanding as evidences of such indebtedness; that, on such 14th day of August, 1883, such county of Grant being so indebted as aforesaid, the board of commissioners of such county then and there contracted and issued the bonds of such county, for further indebtedness, in the sum of $43,000; that there was not then, nor had there been since, any money in the treasury of Grant county, out of which such additional indebtedness of $43,000, or any part thereof, could be paid or that could be applied to the payment thereof.

And appellant further alleged that, for the payment of the bonds of such county of Grant, issued for and evidencing such additional indebtedness of $43,000, the board of commissioners of such county had levied and assessed a special tax of $1,104.50 upon appellant's real estate described in his complaint, and had attempted to order, adjudge and decree the same a first lien upon all such real estate, and had caused such county auditor to place the same on a special tax duplicate, called a gravel road tax duplicate, and to deliver the same to such county treasurer; and that such treasurer then had such duplicate in his hands, and was threatening and

about to proceed to collect such pretended assessment and tax by distress and sale of such real estate, to the great and irreparable injury of appellant. Wherefore, etc.

In the third paragraph of their joint answer, appellees alleged that, on April 6th, 1881, certain citizens and land-owners of Grant county petitioned the board of commis-sioners of such county for the location and construction of a free gravel road, known as the Marion and Huntington free gravel road, and being the same road named in the complaint herein; that such petition was duly considered and its prayer granted by such board of commissioners; that said peti-tioners also filed their bond as required by the statute; that thereupon such board of commissioners appointed three dis-interested freeholders to view, locate and lay out said road, who were duly notified thereof by such county auditor; that after having given due notice of the time and place of meet-ing, and of the kind of improvement asked for, such viewers met at such time and place, and, having first taken an oath for the faithful and impartial discharge of their duties as such, they duly proceeded to view, examine, lay out and locate the said road according to law; that such viewers and their engineer made their report to such county board, at its next regular session, and therein stated that said road would, when completed, be of public utility, and reported their esti-mate of the expense of such improvement; and that, upon the return of said report, such board of commissioners found and entered of record that said road would be of public utility and benefit, and then and there ordered that said improvement be made according to law.

And appellees further averred, that a majority of the resi-dent land-owners of such county, whose lands would be affected, and being a majority of the owners of the whole number of acres of lands reported as benefited, subscribed said petition; that after such order was finally made, such county board ordered and appointed ———— ———— as engineer of said work, who, with the approval of such board, let such

work to contract according to the statute in such case provided, after having given public notice of such letting for two weeks in a newspaper printed and published in Grant county; that such county board appointed three disinterested freeholders of said county who, upon actual view, apportioned the estimated expense of said improvement upon the lands so found to be benefited thereby, and made their report thereof to such county auditor; that when such report was so made and filed, such county auditor gave notice of it and of the meeting of such county board to consider the same, by publication in a newspaper of general circulation in said county, for three weeks successively; that appellant well knew that such proceedings had been had, and that such assessments on his lands had been made; that, on the day named in said notice, appellant appeared before such county board and remonstrated, in writing, against said assessments on his said lands; that such county board then referred the assessments against appellant's lands and all other lands affected by said improvement to new viewers, to wit, etc., three disinterested freeholders of such county, to review and report thereon; and that afterwards, at the March term, 1883, of said board of commissioners, such reviewers made and filed their report of the estimate and apportionment of expense on all such lands, including those of appellant; that thereupon appellant again appeared before said county board and, in writing, remonstrated against his said assessments, which remonstrance was overruled by such board; and that, with appellant's full knowledge, such county board duly confirmed said assessment and apportionment. All of which proceedings were had more than thirty days before the commencement of this suit, and remained of record in full force and unappealed from.

And the appellees averred that, upon the faith of such assessment, the said road was let to contract, and was fully and finally completed, as appellant well knew, before he commenced this suit; that such bonds in his complaint named,

as appellant knew at the time, were ordered by such county board to be issued before he filed his said remonstrance; that during all the time the said road was being constructed appellant was a resident of Grant county, and in the neighborhood of such road, and knew of its construction, and made no objection thereto in any way until said road had been completed, and all the benefits to his lands from such road had been received and realized; and that part of the contract price, for the construction of said road, remained due and unpaid. Wherefore, appellees said that appellant was estopped to assert and litigate the claims and facts stated in his complaint herein, and ought not to be permitted to prosecute his action in that behalf; and they prayed judgment accordingly, and for all other proper relief.

As we have already seen, the first error of which complaint is here made by appellant, in the cause under consideration, is the overruling of his demurrer to the third paragraph of appellees' joint answer herein, the substance of which we have given.

From the facts alleged in this paragraph of answer, it is manifest that appellees have therein stated and set forth the proceedings and orders of the board of commissioners of Grant county, upon a petition duly presented to such board for the location and construction of the " Marion and Huntington Free Gravel Road," as constituting a full and complete defence in bar of appellant's cause of action, stated in his complaint herein. These proceedings and orders of such county board were shown by appellees, in the third paragraph of their joint answer, to have been duly instituted and regularly had under, and in strict conformity with, the provisions of the act of March 3d, 1877, entitled "An act authorizing boards of county commissioners to construct gravel, macadamized, or paved roads, upon petition of a majority of resident land-owners along and adjacent to the line of any road; authorizing them to issue bonds of the county, to raise money required for that purpose, and provide for the pay-

ment of such bonds by taxing land adjacent to the road," etc. Acts of 1877, Reg. Sess., p. 82, et seq.; sections 5091 to 5103, R. S. 1881.

Under the provisions of the above entitled act, the boards of commissioners of the several counties in this State are clothed with original jurisdiction, and required to exercise judicial powers and duties, in relation to the location, establishment and construction of free gravel, macadamized and paved roads within their respective counties.

Under the averments of the third paragraph of appellees' joint answer, the board of commissioners of Grant county had full and complete jurisdiction of the free gravel road described in the petition, mentioned in such paragraph of answer. The presentation of this petition to such board of commissioners, as stated in such paragraph, called into exercise its jurisdiction, and required such board to determine as to the sufficiency of such petition, both in form and substance, whether or not it was signed by the requisite number of land-holders, whose lands would be assessed for the cost of the proposed improvement, and every other fact, precedent or concurrent, necessary to the granting of the prayer of such petition. *Million* v. *Board, etc.*, 89 Ind. 5.

It was shown, also, by the averments of such third paragraph of answer, that proper notices were given, as required by the statute, and appellant had personal knowledge, also, of the pendency of such petition and of all the proceedings and orders of the county board had thereon; that he appeared before the board and remonstrated against and resisted such proceedings and orders; that the assessments on his lands, whereof he complains in this action, were confirmed by the county board over his written remonstrances, and that he failed to appeal from such proceedings, orders and assessments within the time allowed by law.

Upon this showing made by appellees, in the third paragraph of their joint answer herein, we are of opinion that the assessments on appellant's real estate, for the construction

of the free gravel road named in such paragraph, are valid, binding and conclusive, and can not be impeached collaterally. This is the doctrine of all our decided cases upon the subject under consideration. *Evansville, etc., R. R. Co.* v. *City of Evansville*, 15 Ind. 395; *Dequindre* v. *Williams*, 31 Ind. 444; *Board, etc.*, v. *Markle*, 46 Ind. 96; *Board, etc.*, v. *Hall*, 70 Ind. 469; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471; *Dowell* v. *Lahr*, 97 Ind. 146; *Baltimore, etc., R. R. Co.* v. *North*, 103 Ind. 486; *Laverty* v. *State, ex rel.*, 109 Ind. 217; *Walker* v. *Hill*, ante, p. 223.

Of course, if the proceedings and orders of the board of commissioners of Grant county, in relation to the construction of the Marion and Huntington free gravel road, and the assessments on appellant's real estate for the cost of such improvement, were void for any cause or reason, it would not be necessary to appeal from such void proceedings, orders and assessments, but the same might be attacked and impeached in any collateral suit.

It will be seen from the averments of appellant's complaint, the substance of which we have heretofore given, that it proceeds upon the theory that such proceedings, orders and assessments were and are wholly void, because the board of commissioners, for the purpose of raising the money necessary to meet the expense of constructing said free gravel road, had issued bonds of the county to the amount of $43,000. It was alleged in the complaint that, at the time of the issue of the bonds of the county to meet the expense of such improvement, the aggregate indebtedness of Grant county already exceeded two per centum on the value of the taxable property within such county, as shown by the last assessment for State and county taxes, previous to the issue of such bonds. It is assumed that, by the issue of such bonds for the purpose aforesaid, Grant county incurred an additional indebtedness to the amount of such bonds, in direct contravention of the provisions of article 13, adopted March 14th,

1881, of our State Constitution, and that such bonds, so issued, were void.  If such assumption were correct, it might well be doubted, as it seems to us, whether the fact that the bonds so issued were void would invalidate or avoid the proceedings and orders of the county board for the construction of the free gravel road, or the assessments made on adjacent real estate for the cost of such improvement.  We do not find it necessary to consider or decide the question suggested, in the view we take of the cause of action stated in appellant's complaint herein.

The bonds issued by the board of commissioners of Grant county, for the purpose of raising the money necessary to meet the expense of constructing the Marion and Huntington free gravel road, were issued under the provisions of section 7 of the above entitled act, of March 3d, 1877, as such section was amended by an act which took effect and was in force on March 3d, 1881.  Section 5097, R. S. 1881.  In such section as amended it is provided as follows : "For the purpose of raising the money necessary to meet the expense of said improvement, the commissioners of the county are hereby authorized to issue the bonds of the county, maturing at annual intervals after two years, and not beyond eight years, bearing interest at the rate not to exceed six per cent. per annum, payable semi-annually ; which bonds shall not be sold for less than their par value.  Said assessment shall be divided in such manner as to meet the payment of principal and interest of said bonds, and so be placed upon the duplicate for taxation against the lands assessed, and collected in the same manner as other taxes ; and when collected, the money arising therefrom shall be applied to no other purpose than the payment of said bonds and interest : *Provided*, That no bonds shall be delivered, or money paid to any contractor, except on estimate of work done, as the same progresses or is completed, and said road or improvement shall be kept in repair, as other State and county roads are : *Provided, further*, That the amount of such bonds outstanding at any one time

shall not exceed the sum of one hundred thousand dollars principal."

We are of opinion that the bonds issued by the board of commissioners of Grant county, under the provisions of the section quoted and pursuant to the authority thereby conferred, did not and do not constitute an indebtedness of such county, and did not and do not evidence an indebtedness incurred by such county, within the inhibition of article 13 of our State Constitution. Such bonds are not payable by the county, or out of the general funds of the county treasury. They are payable out of the particular fund to be raised by the collection of the assessments made on the lands adjacent to such free gravel road, " divided in such manner as to meet the payment of principal and interest-of said bonds," and placed as divided upon the tax duplicates against the lands assessed, " and collected in the same manner as other taxes," which fund, when so collected, " shall be applied to no other purpose than the payment of said bonds and interest." No other provision is made by law for the payment of either the bonds or the interest thereon ; and the bonds and interest are made payable out of the particular fund to be derived from the collection of the assessments made on the lands adjacent to such free gravel road, and from no other source, and such fund is pledged by the statute for the payment of said bonds and interest. It is manifest, we think, from all the provisions of the above entitled act of March 3d, 1877, and the amendments thereof, that the Legislature intended that the entire cost and expense of constructing any free gravel, macadamized or paved road, and all bonds of the county issued for the purpose of raising the money necessary to meet the expense of such improvement, should be borne and paid out of the particular fund to be raised by and from the collection of the assessments made on the lands adjacent to such road. While it is provided that the preliminary expenses of such an improvement may be paid out of the county treasury, yet it is further provided that the amount

so paid must be refunded out of the particular fund to be raised as aforesaid from the assessments on adjacent lands. Section 5096, R. S. 1881; Board, etc., v. Fullen, post, p. 410; Robinson v. Rippey, ante, p. 112.

Appellant has also assigned, as errors, the sustaining of appellees' demurrers to the first, second and third paragraphs of his reply. In the first and third paragraphs of his reply, appellant has stated matters which might, perhaps, have been available to him if he had appealed at the proper time from the proceedings, orders and assessments set forth in the third paragraph of appellees' joint answer herein, but which can be of no possible service to him in this collateral suit. In the second paragraph of his reply, appellant set up substantially the same matters stated in his complaint herein. The demurrers to the several paragraphs of reply, we think, were correctly sustained.

The judgment is affirmed, with costs.

Filed June 21, 1887.