Spidell *et al. v.* Johnson *et al.*

Filed May 1, 1891.

◆

No. 15,325.

## SPIDELL ET AL. *v.* JOHNSON ET AL.

GRAVEL ROAD.—*Construction of.—Issuance of Bonds for.—Action for Accounting Against County.—Bondholders May Maintain.—Extent of Equity Relief.—* Proceedings were instituted to construct a free gravel road. Assessments were made on the contiguous lands, and coupon bonds were sold to the plaintiffs, who paid the full face value thereof, to raise money for the construction of the road. The money arising from the sale of the bonds was paid into the general fund of the county. Separate suits were afterwards instituted by certain land-owners to enjoin the county officers from placing the several amounts assessed against their respective tracts of land on the tax duplicate, and to declare their assessments void. The proceedings to restrain the officers were sustained in the court below, and several judgments were rendered according to the

| | |
|---|---|
| 128 | 235 |
| 132 | 29 |
| 128 | 235 |
| 147 | 508 |
| 128 | 235 |
| 148 | 474 |
| 128 | 235 |
| 153 | 257 |
| 128 | 235 |
| 154 | 516 |
| 156 | 554 |

Spidell *et al. v.* Johnson *et al.*

prayer of the complaint. An appeal was taken in one of the cases, and the judgment was reversed. The bondholders were not parties to these proceedings, and had no notice of their institution.

*Held,* that the bondholders could maintain an action in equity against the county and its officers for an accounting of the money which had been received from such assessments, and which it was alleged had gone into the general fund of the county, and have the same applied to the liquidation of the bonds, together with the interest due thereon.

*Held,* also, that the bondholders could compel the officers who were charged with the duty of collecting the assessments to place on the tax duplicate the assessments which had been set aside.

*Held,* also, that where a court of chancery takes jurisdiction of a cause for any purpose, it retains it under its control for all purposes, and administers complete relief, as the justice of the case may require.

From the Ripley Circuit Court.

*J. K. Thompson, J. R. Cravens* and *N. Cornet,* for appellants.
*W. G. Holland, J. B. Rebuck, A. Stockinger* and *C. K. Bagot,* for appellees.

MITCHELL, J.—Out of a great mass of irrelevant matter the following material facts may be extracted from a complaint to which a demurrer was sustained in the court below.

Certain proceedings were instituted before the board of commissioners of Ripley county, in the year 1884, for the construction of a free gravel road, which was to be known as the Versailles and Dillsboro Turnpike. The proceedings resulted in the making of assessments on the contiguous lands, as provided by law, and in the issuing of thirty coupon bonds of the denomination of $500 each upon which to raise money for the construction of the road. The bonds were duly negotiated and sold to the appellants, who paid the full face value therefor, the money paid going into the general fund of the county. It appears that after the bonds had been sold, and the money received by the county, certain persons whose lands had been assessed in order to raise

money to defray the cost of the improvement, instituted separate suits to enjoin the auditor, treasurer, and board of commissioners of Ripley county from placing the several amounts assessed against their respective tracts of land on the tax duplicate, and to declare the assessments void. The proceedings to enjoin the officers were sustained in the court below, and several judgments were rendered restraining the auditor and treasurer, according to the prayer of the complaint. In one of the cases in which judgment was so rendered, an appeal was taken to this court, and the judgment was reversed. . *White* v. *Fleming*, 114 Ind. 560. In the other cases no appeals were taken, and the judgments remain in full force. The bondholders were not parties to those proceedings, and had no notice of their having been instituted.

It is charged in the complaint that some of the land owners, whose lands were assessed, have paid part of the amounts assessed into the treasury of the county, but that other's refuse to pay anything, and that the officers of the county refuse to place, or continue, the assessments on the tax duplicate, or to collect the assessments, or to apply any of the money received by the county to the payment of the bonds held by the plaintiffs below, which are now due and remain unpaid.

It is also charged that the county has, through its board of commissioners and officers, appropriated about $8,000 of the money received from the sale of the bonds to the use of the county. The relief prayed is that the board of commissioners and officers of the county be compelled to account for all moneys received from the sale of bonds and from assessments, and that they be required to apply the amount applicable to that purpose which remains in the general fund of the treasury, to the payment of the bonds and the interest coupons thereon. There is also a prayer that the judgments enjoining the officers from collecting the assessments on the land benefited be declared void as to the plaintiffs, and that the officers of the county be required to proceed to place the

amounts assessed on the tax duplicate, and that a sufficient amount be collected from the assessments to pay any deficiency that may remain in order to satisfy the bonds and interest coupons due thereon, after applying to that purpose what may be found due from the county.

The facts stated in the complaint invoke the chancery jurisdiction of the court for an accounting by the officers and commissioners of Ripley county with the appellants, in respect to an alleged fund which the latter claimed should in equity be applied to the payment of the bonds held by them.

The proceedings for the construction of the public enterprise in question having resulted in fixing a lien on the lands adjudged to be benefited by the construction of the free turnpike, the lien thus fixed stood as a security for the payment of the bonds which were issued for the purpose of obtaining the money with which to carry forward the work.

Bonds such as those in question are not the obligations of the county. *Strieb* v. *Cox*, 111 Ind. 299. The lien fixed by statute upon the lands benefited constitutes a security for the benefit of the bondholders.

Unless the proceedings which resulted in creating the lien which constituted the sole security for the bondholders was absolutely void, the security thereby afforded could not be destroyed, impaired or rendered unavailing without affording an opportunity to those interested to be heard. There is no pretence that the proceedings were void. The judgments restraining the officers of Ripley county from enforcing the assessments having, as it were, cast a cloud upon the security of the bondholders, they had the right to appeal to a court of equity to protect their property. Besides, some of the land-owners having paid in part, and others having paid nothing, and the whole matter having fallen into a state of confusion, a court of law was not adequate to the task of unraveling the "tangled skein," and it was therefore peculiarly a subject for the chancery side of the court, to account with the county and its officers, to reinstate the lien of the as-

sessments so far as the judgments theretofore rendered had embarrassed the officers of the county in collecting what might be needed to pay off the bonds and interest.

The rule is, that where a court of chancery takes jurisdiction of a cause for any purpose, it retains it under its control. for all purposes and administers complete relief as the justice of the case may require. *Faught* v. *Faught*, 98 Ind. 470 (472).

When a chancery court acquires jurisdiction for any purpose, it will, as a general rule, proceed to determine the whole cause, although in so doing it may decide questions which standing alone would furnish no basis of equitable jurisdiction. Bispham Equity, section 37.

It is quite true that the county can not be held for any part of the cost of constructing a free turnpike, nor can it be made accountable for any loss resulting from the errors or neglect of its officers. *Board, etc.,* v. *Fullen*, 111 Ind. 410. The complaint, however, does not seek to hold the county liable for the conduct of its officers. It only seeks an accounting with the county and its officers for the money which is alleged to have gone into the general fund of the county, and which in equity and good conscience should be applied to the payment of the bonds. Let there be an account taken with the county and its officers, and if it is found that the facts stated in the complaint are true, then the money covered into the general fund of the county belonging to the free turnpike fund should be made available for the purpose of paying the bonds issued in order to obtain money with which to construct the work. *Vigo Tp.* v. *Board, etc.,* 111 Ind. 170. So if it be found true, as is alleged, that a valid lien had attached for the security of the appellants which has been obscured or impaired by a judgment, or by judgments to which the bondholders were not parties, the officers whose duty it is to collect the assessments should be ordered to proceed as the statute requires to place the amount assessed upon the lands benefited upon

The Board of Comm'rs of Gibson Co. *v.* The Cincinnati Steam Heating Co.

the tax duplicate to the end that those who have not paid may be required to pay according to law.

The court erred in sustaining the demurrer to the complaint.

Judgment reversed, with costs.

BERKSHIRE, C. J., did not participate in the decision of this cause.

Filed Nov. 20, 1890; petition for a rehearing overruled May 12, 1891.