Gavin, J.
The appellants sued appellee upon a gravel load bond, alleging simply its execution and that it was due and unpaid, a copy of the bond being set out as an exhibit.
A demurrer to the complaint for want of sufficient facts was sustained.
This ruling constitutes the error assigned here.
The bond shows, upon its face, that it is a turnpike bond, and one of a series ordered issued by the board on July 9, 1883, in pursuance of “An act of the General Assembly of the State of Indiana, approved March 11, 1877. Acts of General Assembly, regular session, p. 82, and amendments thereto,” vide, R. S. 1894, section 6861; R. S. 1881, section 5097.
Appellants’ contention is that such a bond creates a general liability against the county because it is not, upon its face, contingent or secondary.
While it may be, by many, regarded as a somewhat ■anomalous and illogical holding to declare that, although the statute authorizes the issuance of a county bond, yet no general liability of the county arises therefrom, the repeated decisions of our highest courts forbid any other •conclusion.
*286 This seems to be the first case in which the question arises in a direct action upon the bond, but the general doctrine as to the nonliability of the counties for gravel road obligations has been frequently asserted and reasserted until it can no longer be regarded as an open question.
In Board, etc., v. Fullen, 111 Ind. 410, the Supreme Court, by Elliott, J., said, in considering the power of the board to make additional assessments when the original assessments proved insufficient: “It was not intended that the expense should be paid out of the county treasury in any event, but that it should in all cases be paid by those who received a special benefit.”
And again: “It was not intended that in any event, or upon any possible contingency, should the cost be paid out of the county treasury.” * * *
“The position * * of the board * * is very similar to that occupied by the common council * * in levying assessments for street improvements.” There is no corporate liability, but the property assessed alone is liable.
In Strieb v. Cox, 111 Ind. 299, it was claimed that the two per cent, limit of indebtedness fixed by our constitution was exceeded by the issue of such bonds. The court, however, held that “Such bonds are not payable by the county or out of the general funds of the county treasury, ” but that a special fund is provided to meet these bonds, and they are payable out of it and no other.
In Quill v. City of Indianapolis, 124 Ind. 292, the same claim was asserted as to the effect of street improvement bonds. The court there decided that there was no liability upon the city for their payment except out of the special fund derived from the assessments, “the city authorities acting merely as an agency for making and collecting the assessments and as the custodian of the fund when the assessments are collected. In this they do not *287 act as the agents of the city, but as special agents, to accomplish a public end. Board, etc., v. Fullen, 111 Ind. 410.”
The principles governing Strieb v. Cox, supra, are relied upon as controlling, and it is declared that “the moral and legal duty of the city to pay depends upon the contingency or condition of the special fund out of which payment is to be made.”
In Board, etc., v. Hill, 115 Ind. 316, this conclusion is reached by the court: “These two laws (Acts of 1877 and 1885) also concur in providing, clearly and unequivocally, that the corporate county shall not be subjected to nor incur any debt, liability or damages by reason or on account of * * any act done, or for any failure or omission to act, by the county board, or by the engineer or superintendent in charge of the construction of such road.”
In Spidell v. Johnson, 128 Ind. 235, “Bonds such as those in question are not the obligations of the county.”
In Little v. Board, etc., 7 Ind. App. 118, this court followed these decisions.
In Board, etc., v. Newlin, 132 Ind. 29, the contractor recovered against the county in a suit upon his contract, but it was there expressly averred that the bonds had been sold and the avails were in the hands of the county. What is said by the court with reference to his rights against the county must be read with this averment in mind.
Did the complaint show that there were funds in the hands of the county applicable to the payment of this bond, or did it show any other dereliction of duty upon the part of the county, another question would be presented. In view, however, of these authorities, we are driven to the conclusion that since there is no general liability resting upon the county to pay, and no failure *288 to perform any duty owing from it to appellants, there is no cause of action.
Filed Nov. 27, 1894.
Judgment affirmed.