## MORGAN v. STREET.

[No. 3,932.   Filed December 20, 1901.]

PARTIES.—*Principal and Surety.—Indemnity Mortgage.*—A surety who pays a note of his principal may foreclose the mortgage given to indemnify the sureties on such note without joining his cosurety. p. 132.

HUSBAND AND WIFE.—*Principal and Surety.—Mortgages.*—A mortgage executed by a married woman to indemnify the sureties on her husband's notes given for the purchase money of the mortgaged real estate is valid in equity. p. 132.

From Jay Circuit Court; *J. M. Smith*, Judge.

Suit by Jennie Morgan against Green Street to quiet title. Defendant filed cross-complaint to foreclose mort-

gage. From a judgment for defendant on cross-complaint, plaintiff appeals. *Affirmed.*

*D. T. Taylor, W. F. MacGinnitie* and *T. J. Taylor,* for appellant.

*F. H. Snyder* and *G. W. Bergman,* for appellee.

ROBINSON, J.—E. F. Morgan executed four notes, for the purchase price of land, with appellee and one Wall as sureties on the notes. The deed was executed to Jennie Morgan, wife of E. F. Morgan, and they together joined in a mortgage on the land to secure the sureties. E. F. Morgan paid the first note when due, and appellee, as such surety, was compelled to and did pay the other three. Appellant sued to quiet title. Appellee, by cross-complaint, asked a foreclosure of the mortgage. Upon a trial the court declared a lien in appellee's favor and decreed a foreclosure of the mortgage. As the notes were all paid by Morgan and appellee, the other surety, Wall, could have no possible interest in the matter and was not a necessary party to the cross-complaint.

Jennie Morgan received the whole of the consideration for the notes. They were given for purchase money. The money paid by appellee on these notes was a part of the money paid for the land she now owns. She received the benefit of these payments. She executed the mortgage to protect the sureties should they be required to pay a part or all of the purchase price of her own land. She is in effect now asked to pay that purchase money. A court of equity will not permit the technical form of a transaction to defeat a substantial equity. See, *McCoy* v. *Barns,* 136 Ind. 378; *Butler* v. *Thornburg,* 131 Ind. 237; *Otis* v. *Gregory,* 111 Ind. 504.

There is no error in the record. Judgment affirmed.