## DELANEY ET AL. *v.* SHIPP.

[No. 4,956.    Filed October 13, 1904.    Rehearing denied January 12, 1905.]

1. CONTRACTS.—*Forfeiture.*—*Extension of Time.*—*Payment.*—Where plaintiff contracted to purchase a farm, paying therefor $200 cash, and agreeing to pay $100 on October 13, and $2,300 on March 1, time being of the essence of the contract, and a failure to make any payment being a forfeiture of the contract and the amount paid to be considered rent and liquidated damages, and he executed his negotiable note for the $100 payment, which defendant indorsed to a real estate agent as pay for commission, and after it became due such agent extended the time of payment thereof, and the defendant sold such land to another person, thereby putting it out of his power to perform his contract, a judgment in plaintiff's favor for $200 and interest and the cancelation of the note, is supported by the proof. p. 456.

2. SAME.—*Payment.*—*Forfeiture.*—*Negotiable Note.*—Where a contract was to be forfeited unless a payment was made at a certain date, and the plaintiff gave defendant his promissory note payable at a bank in this State for such sum, a finding that payment had been made can not be disturbed.    p. 458.

3. SAME.—*Payment by Note.*—*Transfer.*—*Forfeiture for Nonpayment.*—Where, by contract a certain sum should be paid on a certain date and a negotiable note was given in payment, and the payee indorsed same to a third party who extended the time for payment, the payee could not take advantage of such nonpayment to declare a forfeiture, as the payment or nonpayment was no longer of any concern to him.    p. 458.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by James T. Shipp against Charles E. Delaney and wife.    From a decree for plaintiff, defendants appeal. *Affirmed.*

*William E. Deupree* and *L. Ert Slack,* for appellants.
*R. M. Miller* and *H. C. Barnett,* for appellee.

1.    ROBY, P. J.—The parties hereto entered into a written contract on the 4th day of August, 1901, by the terms of which appellants sold certain described real estate to appel-

Delaney *v.* Shipp.

lee, and agreed to convey the same to him, clear of all encumbrances, upon his first making the payments and performing the covenants therein mentioned. Appellee agreed to pay $2,600 for said land, without relief and with attorney's fees, in the following manner, to wit: "$200 cash in hand at this date; $100 on or before the 13th of October, 1901; and balance of $2,300 on March 1, 1902, at which time said deed is to be made and possession given." It was stipulated that time should be of the essence of the contract, and that in case appellee failed to make any payment specified all payments theretofore made should be treated as rental for the premises, and retained by appellant "in full satisfaction and liquidation of damages." This action was brought by appellee to recover damages for the alleged breach of such contract by appellants, he averring performance by himself. A second paragraph of complaint set out the details of the transaction to the same effect as the first paragraph above summarized. Trial was had without a jury. A special finding of facts was made, and conclusions of law stated thereon, to the effect that appellee should recover the $200 paid by him, with interest, and that the $100 note should be canceled. The suit was for damages, and not to secure the cancelation of the note specified. No exception was taken to either conclusion of law, and no question affecting the form of the judgment is presented. It is not denied but that the facts found entitled the appellee to conclusions of law and a judgment in his favor, but it is earnestly insisted that the findings are not supported by the evidence; that the $100 to be paid according to the contract on October 10 was not paid; that payment was the essence of the contract; and that, default having been made therein, the $200 previously paid belonged to appellants, and the contract was at an end. It is unnecessary to do more than consider the evidence as it bears upon the question of appellee's performance of the contract in the respect indicated.

2.   On August 24 appellee executed his promissory note for $100 to appellant, payable October 10, at a bank in this State.   Such note was delivered to appellant Charles Delaney, and by him turned over to a real estate agent, who had negotiated the sale, in settlement of the agreed commission.   Shortly after it became due appellee asked the holder for further time, which was accorded to him.   The finding that the note was accepted as payment is the finding of a fact, and it is not unsupported by evidence.

3.   The extension of the time by the transferee to the maker did not in any way affect appellants.   The transaction between the agent and appellants was not pertinent. Whatever the contract between them was or was not, appellee's note was transferred by appellants, who were thereafter not affected by its nonpayment, or by the extension of time for payment.   The note was made payable to Charles Delaney, but there was evidence from which his authority to act for both himself and wife, Alice Delaney, was fairly inferable.   Appellants, prior to March 1, 1902, conveyed the real estate to other persons, putting it out of their power to convey it to appellee, who was ready to make his last payment.

There was evidence sufficient to sustain a much larger judgment than the one rendered, which merely requires the return to appellee of the payments made by him.

Judgment affirmed.


## ON PETITION FOR REHEARING.

ROBY, J.—One ground upon which a rehearing herein is sought is on account of the statement in the opinion that no exception was taken to the conclusions of law, the record in fact showing that appellants did except thereto.   The original brief for appellant contained the following:   "Appellants have carefully set out in this brief the record material to this appeal, for the reason that the clerk's transcript is

in script, and would require much labor in reading it." The record so set out in the brief did not show any exception to the conclusions of law, and was relied upon by this court. It was further said that "appellants realize that the findings of the court are against them, and therefore have questioned such findings as being unsupported by the evidence." The disposition made of the case accords with the merit of the controversy as disclosed by the evidence, the sufficiency of which is alone questioned, and the petition for a rehearing is therefore overruled.