HORKA v. WIECZOREK.

[No. 9,276. Filed April 27, 1917.]

1. MONEY RECEIVED.—Nature of Obligation.—Implied Promise.
—The action for money had and received rests upon an implied
promise, and may be maintained against the person who has
received the money either from the plaintiff or from a third
person, under circumstances which in equity and good conscience he should not retain. p. 389.

2. APPEAL.—Review.—Theory of Pleading.—Where there is uncertainty or ambiguity as to the theory of a pleading, the court
on appeal will adopt the theory adopted at trial by the parties
and the court. p. 390.

3. APPEAL.—Review.—Issues.—Variance Between Allegations
and Proof.—Amendments Deemed Made.—Where the com-

plaint was in no way questioned below and the case was tried on the theory that the money sued for was loaned to defendants and evidence tending to show that a loan was admitted without objection, defendants cannot complain of variance in the allegations of the complaint and proof, and the court on appeal will, if necessary, treat the complaint as amended to correspond with the proof. p. 391.

4. APPEAL.— Review.— Instructions.—Harmless Error.—Assuming Facts.—In an action tried upon the theory that plaintiff had loaned the money in suit to defendants, husband and wife, an instruction, upon the issue of whether the money was loaned for the use of one or both defendants, which assumed that it was loaned to the wife and omitted to state the evidence in reference to the loan, was not erroneous for that reason, where defendants in the appellate court admitted the loan to the wife. p. 391.

5. MONEY LENT.—Evidence.—Sufficiency.—In an action tried on the theory that the money sued for was loaned to defendants, husband and wife, evidence showing that the husband had stated to plaintiff that he wanted money from him, that the wife, at the time she obtained the money, informed plaintiff that she came at the instance of the husband, and that real estate was purchased with the money and title taken in the names of both defendants, was sufficient to support a finding by the jury that the money was loaned for the use of both husband and wife. p. 393.

From St. Joseph Superior Court; George Ford, Judge.

Action by Frank Wieczorek against Frank Horka and another. From a judgment for plaintiff, the defendants appeal. Affirmed.

W. W. Bergan, G. A. Farabaugh and H. A Steis, for appellants.

W. A. Grzesk and Slick & Slick, for appellee.

HOTTEL, J.—The appellee filed in the St. Joseph Superior Court a complaint in one paragraph, which, omitting caption, is as follows: "The plaintiff complains of the defendants and alleges: That on the —— day of August, 1910, one Frank Horka and Dora Horka, were indebted to this plaintiff in the sum of Eight Hundred ( * * * ) Dollars. That on said day the said

Frank Wieczorek paid said sum of money to said defendants for the use and benefit of this plaintiff, and said defendants then and there promised and agreed to pay said sum to this plaintiff."

Appellants each filed a separate answer in general denial. There was a trial by jury which resulted in a verdict for appellee in the sum of $789.60. A separate motion for new trial filed by each appellant was overruled and these rulings are assigned as error and relied on for reversal.

In support of their contention that said motion should have been sustained, appellants submit three reasons which are, in effect, as follows: (1) Because there is a variance between the averments of the complaint and the proof, in that the complaint states a cause of action for money had and received, while the proof shows money loaned and the instructions authorized a recovery on such theory. (2) Because of error in the giving of instructions Nos. 2 and 3. (3) Because there is no evidence connecting Frank Horka, the husband of Dora, with the loan of said money. These respective contentions will be considered in the order indicated.

1. "The action for money had and received rests upon an implied promise, and may be maintained against the person who has received money either from the plaintiff or from a third person, under circumstances which in equity and good conscience, he should not retain." *Jackson* v. *Creek* (1910), 47 Ind. App. 541, 547, 94 N. E. 416, 418; *Field* v. *Brown* (1896), 146 Ind. 293, 45 N. E. 464; *Harbaugh* v. *Tanner* (1904), 163 Ind. 574, 580, 581, 71 N. E. 145, and cases there cited.

In the case last cited the court quotes with approval from *Lemans* v. *Wiley* (1884), 92 Ind. 436, as follows: "An action of *assumpsit* for money had and received is an equitable remedy that lies in favor of one person

against another, when that other person has received money either from the plaintiff himself or third persons, under such circumstances, that in equity and good conscience he ought not to retain the same, and which, *ex aequo et bono,* belongs to the plaintiff."

Assuming therefore, without so deciding, that appellants are right in their contention that said complaint should be construed as an action of *assumpsit* for money had and received, we think that, under the authorities cited, the evidence of a loan to appellant, Dora Horka, for herself and husband, of the amount of the money involved and their failure or refusal to repay the same, was proper under such pleading.

There are, however, other reasons why no available error is presented by the alleged variance complained of by appellants. The complaint here involved

2. does not evidence any clear or definite theory in the mind of the pleader when it was prepared. Some of its averments lend support to appellants' contention that its theory is that of "assumpsit for money had and received," but the allegation that "the defendants then and there promised to pay said sum to this plaintiff" being an averment of an express promise or agreement is, in a sense, inconsistent with the theory of an action for money had and received, which, as indicated by the authorities, *supra,* strictly speaking rests on an implied promise. Said averment, however, is consistent with the theory of a loan which appellants say was the theory adopted by the court in its instructions. It seems also that this was the theory adopted by the parties and the court in the introduction of the evidence, because appellants' contention is based on the claim that the evidence showed a loan. Where there is uncertainty or ambiguity as to the theory upon which a pleading proceeds, this court will adopt the theory adopted at the trial of the case by the parties and the trial court.

*Euler* v. *Euler* (1913), 55 Ind. App. 547, 554, 102 N. E. 856, and cases there cited.

In any event, the complaint was in no way questioned below, either by demurrer or by motion to make more certain and specific, and, so far as the record discloses, the evidence tending to show a loan to appellants of the money for which the action was brought was admitted without objection, so that, if it could be said that there was in fact a departure or variance in the allegations of the complaint and the proof, appellants would be in no position to complain. The case having been tried on the theory that the money was loaned to appellants, and the evidence of such loan admitted without objection, this court would, if necessary, treat the complaint as amended to correspond with the proof. *Bradley* v. *State* (1905), 165 Ind. 397, 75 N. E. 873; *Miller* v. *State* (1905), 165 Ind. 566, 76 N. E. 245; *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 57 N. E. 917; *Chicago, etc., R. Co.* v. *Gorman* (1914), 58 Ind. App. 381, 106 N. E. 897, 900; *M. S. Huey Co.* v. *Johnston* (1904), 164 Ind. 489, 495, 496, 73 N. E. 996; *Spurgeon* v. *Olinger, ante* 176, 115 N. E. 680.

The instructions are objected to generally by appellants for the reason that they are "upon the theory that appellee *loaned* appellants jointly $800 in money" but none of them are specifically mentioned and referred to except Nos. 2 and 3, which are respectively as follows:

" *   *   * 2. It is necessary for the plaintiff to entitle him to a verdict at your hands, to prove by a preponderance of the evidence, the essential allegations of his complaint; that he in fact loaned the money; that it is due; that it has not been repaid to him. It is conceded on the part of the defendants, that a verdict may be rendered against one of the defendants, that is, Mrs.

Horka, but the contention is that Mr. Horka, the defendant, her husband, is not liable in this action for the reason that the loan was made to the woman, and was not made to both of them, or not made to the man. Gentlemen, you are to determine from all the evidence in the case whether the money was loaned to the defendant the woman or to the defendants, the woman and her husband.

" * * * . 3. You are to consider all this evidence, and if your minds are satisfied by a preponderance of the evidence that these two defendants—the man and wife—desired to borrow the money for the purpose of buying a property, either together or one of them, or for the purpose of entering into a business, either together or one of them, and for that purpose the wife went to the plaintiff and received the money, and that her husband knew of the fact that she had gone for the money, or knew of the fact that she had brought it home, and they had previously understood between themselves that it was for the benefit of both of them, why, he is liable the same as she for that money."

Instruction No. 2 is objected to on the ground that "it assumes that the money is loaned, and then omits to state the facts in evidence with reference to the loan." No. 3 is objected to on the ground that it "assumes a desire on the part of both appellants to borrow the money and omits the facts in evidence with respect to how the money was gotten and how it was afterwards used."

It is significant that no objection is made to that part of instruction No. 2 which told the jury that "it is conceded on the part of defendants that a verdict may be rendered against * * * Mrs. Horka." The absence of such an objection may be taken as an implied admission by appellants that they made such concession, and such concession is inconsistent with their present insistence that error resulted from the ruling on Mrs.

Horka's motion for new trial. In so far as the objection, *supra*, attempted to raise the question of said instructions being erroneously predicated on the theory that appellee was entitled to recover if he *loaned* appellants the amount of money for which he sued, they are disposed of by what we have already said. The loan of the money to Mrs. Horka was admitted by her and in effect conceded by appellants in this court, so that no error resulted from the court's assuming such fact in the second instruction, *supra*. The third instruction is not open to the objection, *supra*, made against it.

Finally, it is insisted that there was no evidence in any way connecting the appellant, Frank Horka, with said loan. Upon this question, the appellee testi-

5. fied, in substance, that before the loan was made, on an occasion when he was visiting at the home of Mr. Horka, the latter told him that "he wanted money from me"; that later, Mrs. Horka came to his place of business and said to him: "Frank sent me over and he want money from you"; that he then let Mrs. Horka have a part of the money and later she came and got an additional sum, making in all $800; that later Mrs. Horka came to his butcher shop on a Friday before Easter Sunday and brought him $204; that she then said: "Frank, that is now $315, what I give you with my husband." Appellee's testimony was substantially corroborated by that of his wife. The evidence showed that real estate was purchased with said money, title to which was taken in the names of both Mr. and Mrs. Horka, who are husband and wife. This court cannot say that the evidence indicated is not such as to warrant an inference that the money which appellant let Mrs. Horka have was a loan to her for herself and her husband, and hence cannot say that there was no evidence to sustain the verdict of the jury as to any element es-

sential to appellee's right to recover against each appellant.

Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 115 N. E. 949.    Common counts in assumpsit, 52 Am. Dec. 751; 57 Am. Dec. 544.    See under (1) 27 Cyc 849; (4) 38 Cyc 1670; (5) 27 Cyc 830.