## KUHN ET AL. v. HAYS.

[No. 10,656.   Filed February 15, 1921.]

1. JURY.—*Right to Trial by Jury.*—*Action in Equity.*—Where plaintiff, seeking relief from a situation brought about by the alleged fraud of defendants, prayed a permanent injunction against one of them, thus invoking the equitable jurisdiction of the court, trial by jury was properly denied plaintiff.   p. 67.

2. EQUITY.—*Equitable Relief.*—*Scope.*—When a court of equity assumes jurisdiction, it will retain such jurisdiction for all purposes and decide all questions arising in the cause.   p. 67.

3. TRIAL.—*Venire De Novo.*—*Right to.*—*Defective Verdict.*—A motion for a *venire de novo* will not be sustained unless the verdict or finding is so defective and uncertain upon its face that no judgment can be rendered upon it.   p. 68.

4. TRIAL.—*Findings.*—*Scope.*—*Ultimate Facts.*—A court, when finding facts specially, is only required to find the ultimate facts in issue, so that all issues between the parties as made by the pleadings may be determined and set at rest by the judgment thereon.   p. 68.

From Monroe Circuit Court; *Robert W. Miers*, Judge.

Action by Paul Kuhn against Frank Morgon and Joseph I. Hays, in which Hays filed a cross-complaint against plaintiff and his codefendant. From a judgment for Hays on his cross-complaint, Morgon and Kuhn appeal. *Affirmed.*

*William L. Slinkard, Joseph Henley* and *Will R. Vosloh,* for appellants.

*Miller & Blair* and *Homer Elliott,* for appellee.

ENLOE, J.—This action was begun by the appellant Paul Kuhn, in the Greene Circuit Court, in November, 1916, against his coappellant, Frank Morgon, and the appellee, Hays. The complaint attempted to charge said parties with fraudulent conduct in regard to the sale of a large quantity of corn, alleged that Hays was insolvent, and asked and obtained a restraining order against said parties.

The appellee filed a cross-complaint against the other parties to said suit, and appropriate answers and reply closed the issues. The venue having been changed to Monroe county, when the cause came on for trial it was submitted to the court, which made a special finding of the facts and stated conclusions of law thereon. The judgment which followed being against the appellants, they have prosecuted this appeal, and have presented the questions hereinafter considered.

When the cause was called for trial the appellant Kuhn requested that the cause be submitted to a jury for trial. This request was refused, and this refusal presents the first question for our consideration.

If this action had been purely one at law, it would have been error for the court to have denied the appellant a trial by a jury; but in this case appellant 1. was also asking relief in equity, a permanent injunction against one of the parties, and while a jury, by its verdict, could assess the amount of damages to which it thought appellant Kuhn to be entitled under the evidence, yet it was without any power to award an injunction; that remained exclusively for the court. The appellant Kuhn was seeking relief from a situation brought about by the alleged fraud of the other parties hereto, and this invoked the equitable jurisdiction of the court (*Grimes* v. *Wilson* [1837], 4 Blackf. 331) and when a court of equity once assumes 2. jurisdiction of a cause it will retain such jurisdiction for all purposes, and decide all questions arising in the cause. *Faught* v. *Faught* (1884), 98 Ind. 470; *Spidell* v. *Johnson* (1891), 128 Ind. 235, 25 N. E. 889. The court did not err in denying appellant Kuhn a trial by jury.

It is next urged that the court erred in overruling appellants' motion for a *venire de novo*. The proposition of the appellants upon this point is as follows:

3.    "The special findings in this case were defective in that they did not find all the facts. This being true, it was reversible error to overrule separate motions for a *venire de novo.*"

In *Bartley* v. *Phillips* (1888), 114 Ind. 189, 16 N. E. 508, it was said: "That the court failed to find and state in its special findings any facts that may have been proven, or failed to find and state therein the force and effect of a certain clause in the mortgage, are questions not properly raised by a motion for a *venire de novo.* * * *. A motion for a *venire de novo* will not be sustained unless the verdict or finding is so defective and uncertain upon its face that no judgment can be rendered upon it." See, also, *Brehm* v. *Hennings* (1919), 70 Ind. App. 625, 123 N. E. 821.

Tested by the above rule, the court did not err in overruling said motion. A court when finding the facts 4.    specially is only required to find the ultimate facts in issue, so that all issues between the parties, as made by the pleadings, may be determined and finally set at rest by the judgment thereon, when the same is finally entered.

The appellants next insist that the findings of the court are not sustained by sufficient evidence, but, after having read the evidence, we are of a different opinion. We find no error in this record, and the judgment is therefore affirmed.