## GIFFORD ET AL. v. WILCOX.

[No. 11,820.   Filed April 9; 1924.]

1. MONEY RECEIVED.—*Nature of Action.*—An action for money received is equitable in character. p. 381.
2. EQUITY.—*Jurisdiction.—Exclusive.*—When equity once assumes jurisdiction, it retains it for all purposes and decides all questions arising in the cause.   p. 381.
3. EQUITY.—*Powers of Court.—Complete Relief.—Technicalities Disregarded.*—Where equity has assumed jurisdiction in action by purchaser of real estate to recover money paid because of default of the vendor, the court has the power to determine the rights of the parties respectively without allowing technical form to override substantial equity.   p. 381.
4. VENDOR AND PURCHASER.—*Default of Vendor.—Recovery of Purchase Money.*—Where the vendor defaulted in carrying out the terms of a real estate contract by executing deed and furnishing abstract at the time stipulated, such failure continuing for two years, and then, instead of delivering them to the purchaser, they were deposited with the vendor's attorney, and purchaser notified, there was no compliance with the contract, and the purchaser was entitled to recover the purchase money paid.   p. 382.
5. VENDOR AND PURCHASER.—*Default of Vendor.—Purchaser May Recover Expenditures on Land.*—Where the purchaser of real estate went into possession at the time of the execution of the contract, but the vendor defaulted in carrying out the terms

of the contract to deliver deed and abstract to purchaser for two years after the time stipulated, and notified the purchaser's tenant to withhold payment of the rent, which was done, the purchaser, having received no profits from the land, was entitled to recover the amount expended in making improvements on the premises.   p. 383.

From Jasper Circuit Court; *George A. Williams,* Judge.

Action by George M. Wilcox against Gerald E. Gifford and another.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Abraham Halleck,* for appellant.

*Hanley & Hanley,* for appellee.

NICHOLS, J.—Action by appellee against appellants to recover money which appellee paid appellants under a written contract for the purchase of real estate.

There were three paragraphs of complaint.  It was averred in the first paragraph that on September 9, 1919, appellants, in consideration of $12,000, agreed to convey to appellee on March 1, 1920, 120 acres of land in Jasper County, Indiana; that pursuant to the contract, appellee paid appellants $1,000 in cash and assigned to them stock in the Francisville Clay Tile Company of the value of $1,100, and that appellee had performed all of the conditions of the contract but that appellants failed to convey the real estate to appellee by delivering to him a warranty deed and an abstract of title as required by the contract.   There was a demand for damages in the sum of $2,500.

The second paragraph was for money had and received.   The third paragraph averred that by virtue of the contract of purchase, appellee, to secure the performance thereof, deposited $2,100 to be applied to the purchase price when the purchase was completed and deed received, and that such sum was to be returned to appellee if appellants failed to fulfil their agreement

to convey.   On March 1, 1920, appellee was ready, willing and able to perform his agreement, but appellants wholly failed and refused so to do and, though appellee demanded performance, appellants wholly failed and refused the same.   There was a demand in this paragraph for $2,100 and interest.

There were two paragraphs of answer, the first a denial; the second admitted the execution of the contract but averred that appellee agreed to secure a loan upon the real estate, to pay the proceeds thereof to appellants, together with $500 in addition thereto, and that the balance of the money was to be secured by second mortgage on the real estate.   That the deed was prepared prior to March 1, 1920, but that the abstract of title was certified down to March 1, 1922, showing a merchantable title to that date, and further averring that appellants had performed the contract, but appellee had failed to procure the loan and make any payment on the purchase price except $1,000 in cash, and $1,100 in the stock of the said tile company.   It was also averred that appellee had entered into possession of the land.   There was a prayer that appellee be required to accept the deed and abstract, to perfect the loan and pay over the proceeds thereof to appellants, and to execute a second mortgage for the balance of the purchase price.

There was a trial by the court and a finding and judgment for appellee that he should recover from appellants the $1,000 cash theretofore paid by him, $187.50 money expended upon the real estate, and that the tile company stock should be returned to appellee.   Appellants, by the judgment, were given the rents and profits of the real estate which, pursuant to notice by appellants, had been withheld from appellee and was in the hands of the Babcock Grain Company of Rensselaer, Indiana.

Appellants assign as error in this court the action of the court in overruling their motion for a new trial, the reasons for which were that the damages were excessive, the assessment of the amount of recovery was erroneous, being too large, the decision of the court was not sustained by sufficient evidence, and that it was contrary to law.

The second paragraph of complaint is for money had and received.   Such an action is in its nature equitable.

1.   *Moore* v. *Shields* (1889), 121 Ind. 267, 23 N. E. 89; *Jackson* v. *Creek* (1911), 47 Ind. App. 541, 94 N. E. 416; *Horka* v. *Wieczorek* (1917), 64 Ind. App. 387, 115 N. E. 949; *Harbaugh* v. *Tanner* (1904), 163 Ind. 574, 71 N. E. 145.

Appellants' second paragraph of answer seeks equitable relief, and it is clear, therefore, that both parties have invoked the decree of a court of equity and

2.   have asked the court to determine their respective rights accordingly.   When the court once assumes such jurisdiction, it will retain it for all purposes and decide all questions arising in the cause.   *Kuhn* v. *Hays* (1921), 75 Ind. App. 66, 129 N. E. 705; *Faught* v. *Faught* (1884), 98 Ind. 470; *Spidell* v. *Johnson* (1890), 128 Ind. 235, 25 N. E. 889; *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 99 N. E. 102.

It is apparent that in this case the court having assumed equitable jurisdiction retained the same and looked to the whole transaction to determine the

3.   rights of the parties, which it did, without allowing technical form to override substantial equity. In this course, it is fully sustained by authorities, among which are:   *McCoy* v. *Barns* (1894), 136 Ind. 378, 36 N. E. 134; *Kelley* v. *York* (1915), 183 Ind. 628, 109 N. E. 773; *Russell* v. *Drake* (1916), 184 Ind. 623, 111 N. E. 186; *Morgan* v. *Street* (1901), 28 Ind. App. 131, 62 N. E. 99; *McKay* v. *Corwine* (1918), 69 Ind. App.

208, 119 N. E. 475; *Leeka* v. *Muncie, etc., Loan Co.* (1919), 71 Ind. App. 318, 124 N. E. 764.

By the contract appellants agreed to deliver a deed and abstract of title to the land involved on March 1, 1920, and thereupon appellee should pay a sum not less than $500 and should obtain a loan upon the real estate for as large an amount as possible, and execute a second mortgage for the balance of the purchase price, but it appears by the evidence that appellants did not deliver a deed and abstract on March 1, 1920, and that they failed so to do until March 1, 1922, at which time, instead of delivering the same to appellee, they deposited such deed and abstract in the office of their attorney, with notice to appellee. This was not a compliance with the contract. In the meantime though, they put appellee in possession of the real estate and permitted him to rent the same, but notified the tenant to withhold payment of the rental, which was done. It further appears by the evidence that at no time after the execution of the contract was the real estate to be conveyed by a warranty deed with abstract of title showing that it was unencumbered of liens except taxes and special assessments, dated January 1, 1920, free from mortgage encumbrance. It further appears by the evidence that appellee, at divers times, informed appellants that he was ready to pay more money when the deed and abstract were delivered, and that he finally told appellants that he would not pay another dollar until he got the deed and abstract. Appellants having failed to make a deed of conveyance and abstract as provided in the contract, and not because of the default of the appellee, he was entitled to recover the purchase money which he had theretofore paid. *Ellis* v. *Hubbard* (1853), 4 Ind. 206; *Ireland* v. *Chauncey* (1853), 4 Ind. 224; *Mix* v. *Ellsworth* (1854), 5 Ind. 517; *Hatfield* v. *Miller* (1890), 123 Ind. 463, 24 N.

E. 330; *Delaney* v. *Shipp* (1904), 34 Ind. App. 456, 71 N. E. 973, 72 N. E. 1033.

Because of the notice of appellants upon appellee's tenant, the rents were withheld, and, by the judgment of the court, were to be paid to appellants, and

5. appellee having expended upon the real estate $187.50 and having received no profits therefrom and the court having directed that the rental should be paid to the appellants, in equity and good conscience, appellee should rightfully recover his $187.50 expended upon the real estate. Appellants having had the use of the $1,000 for more than three years, certainly should not complain of such re-imbursement.

Appellants contend that appellant Harry Gifford was not a party to the contract but that he signed as agent of his son, appellant Gerald Gifford. It is apparent from the evidence that said Harry negotiated the transactions with appellee, that the cash payment represented by Liberty Bonds was made to said Harry, and that the tile company stock was turned over to him. The judgment was properly rendered against both parties.

Judgment affirmed.