HACK, RECEIVER *v.* BOLINT ET AL.

[No. 15,159. Filed June 28, 1934. Rehearing denied October 1, 1934. Transfer denied November 18, 1935.]

*Chalmer Schlosser* and *Joseph Collier,* for appellant.

*Carl E. Wood, William W. Hammond, C. Severin Buschmann* and *Leo M. Gardner,* for appellees.

CURTIS, J.—On November 14, 1930, the Circuit Court of Marion County, Indiana, having jurisdiction of the parties and subject matter of the action, adjudged the Washington Bank and Trust Company insolvent and appointed Brandt C. Downey as receiver to liquidate the assets and adjust the affairs thereof, and on February 28, 1933, the said Downey resigned as such receiver and on March 1, 1933, appellant Oren S. Hack was appointed his successor in trust, and is now the duly appointed,

qualified, and acting receiver of said insolvent bank, and at the commencement of this proceeding had and now holds possession of the securities in controversy, as such receiver, under and by authority of the order of said circuit court.

This is a proceeding by the appellee John Bolint on behalf of himself and others to seize and wrest, by process of the Probate Court of Marion County, Indiana, through its trustee, said securities from appellant Hack, receiver as aforesaid, who holds said securities under the order of the circuit court, which had assumed jurisdiction of the administration of the affairs of said insolvent, more than thirty months prior to the institution of this proceeding.

Appellee John Bolint by his petition alleged in substance that the Washington Bank and Trust Company was engaged in business as a bank and trust company; and in the conduct of its business it induced the appellee, Bolint, and numerous others to deposit money with it under a promise that the funds so deposited would be invested by it in first mortgages and said first mortgages segregated and set aside to create a fund with which to pay first lien 6% real estate certificates; that said Washington Bank and Trust Company did invest said funds in first mortgage securities and did segregate and set securities aside for that purpose; that said Washington Bank and Trust Company became insolvent and the circuit court adjudged said bank insolvent and appellant Hack is now the receiver thereof and as such has possession of said mortgage securities; that said appellee Bolint and the other depositors to said fund are too numerous to bring before the court, and he prosecutes the proceedings in his own behalf and for the benefit of all depositors to said fund. The prayer is for the appointment of a successor trustee to said bank to take charge of said securities and to liquidate and distribute

the same amongst the owners thereof. The appellant Hack, as receiver, answered the petition by a general denial. The issue of law and fact thus joined was submitted, without the intervention of a jury, to the court for trial and judgment.

The judgment of the Probate Court was that the appellant Hack, as such receiver, is not entitled to the custody of said securities; that a successor trustee should be appointed to take charge of said securities and administer the same, and appellee Union Trust Company of Indianapolis, Indiana, was appointed successor trustee of said Washington Bank and Trust Company, to take charge of and administer said securities, apply the fund received to pay the claims of appellee Bolint and all depositors in his class and pay any remainder to appellant Hack, as such receiver; and judgment was rendered against appellant Hack as receiver to surrender possession of said securities and for the costs of the proceedings. The appellant duly filed a motion for a new trial, which was overruled with an exception and this appeal was prayed and perfected.

The error relied upon by the appellant for a reversal of the judgment below is, that the trial court erred in overruling the motion of appellant for a new trial. The motion for a new trial contained two causes or grounds, to wit: that (1st) the decision is not sustained by sufficient evidence; and (2nd) is contrary to law.

It is contended by the appellant that since the record, by stipulated facts and uncontradicted evidence, discloses that the Circuit Court of Marion County, Indiana, more than thirty months prior to the institution of this proceeding, had by lawful judgment adjudged the Washington Bank and Trust Company insolvent and incapacitated to conduct business, and appointed a receiver to liquidate its assets and to finally adjust the affairs thereof, and since said court, through its re-

ceiver, the appellant, had possession of the assets (including the securities in question) of said insolvent and since by reason thereof said court acquired exclusive jurisdiction of the administration and settlement of said trust, including the alleged right asserted in the petition of appellee Bolint, that therefore the Probate Court of Marion County, Indiana, did not have jurisdiction of the subject matter presented by the petition of appellee Bolint, and that the decision of said court appointing a trustee to seize and wrest said securities from the officer of the circuit court is not sustained by sufficient evidence and is contrary to law and that trial court committed reversible error in overruling the appellant's motion for a new trial.

The appellees contend that the securities in controversy are trust funds and that the insolvent bank has no beneficial interest therein and that the Probate Court of Marion County has exclusive original jurisdiction in all matters pertaining to the appointment of trustees and the settlement of trusts and consequently was the only court to which the appellee Bolint could apply for the preservation and protection of the property rights of himself and the others for whom he acts. Reliance is placed upon section 1762, Burns 1926, and to some of the decided cases.

We cannot agree with the contention of the appellees. Such was not the legislative intention in the act upon which the appellees depend. Where a court of equity assumes jurisdiction as did the circuit court of Marion county in the instant case and appoints a receiver to adjust and settle the affairs of an insolvent bank, the full administration of the affairs thereof, including the allowance of claims, priority of payment from the assets thereof, and the adjustment of all rights of all parties in interest is vested exclusively in such court to such an extent as is necessary to accom-

plish completely the purpose of the receivership and comity between tribunals as well as public policy will suspend the power of interference by any other court. See: *McCoy, Trustee* v. *Houck, Executor* (1913), 180 Ind. 634, 99 N. E. 97, and the numerous cases cited therein on the point. See also *Gifford et al.* v. *Wilcox* (1923), 81 Ind. App. 378, 143 N. E. 368.

There is certainly no legislative intent expressed or implied in the act upon which the appellees rely that would contravene the principles just announced. ■ Judge Sanborn of the United States Circuit Court of Appeals, Eighth Circuit, in the case of *Sullivan et al.* v. *Algrem et al.* (1908), 160 Federal 366, 369, has so well stated the principle of law as we understand it that we quote him as follows: "The legal custody of specific property by one court of competent jurisdiction withdraws it, so far as necessary to accomplish the purpose of that custody, until that purpose is completely accomplished, from the jurisdiction of every other court. The court which first acquires jurisdiction of specific property by the lawful seizure thereof, or by the due commencement of a suit in that court, from which it appears that it is, or will become necessary to a complete determination of the controversy involved, or to the enforcement of the judgment or decree therein, to seize, charge with a lien, sell or exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court, and entitles the former to retain control of it requisite to effectuate its judgment or decree in the suit free from the interference of every other tribunal. . . ." Citing numerous cases. This proposition has been asserted so many times in the decided cases and in the text books that we do not deem it necessary to multiply the citations.

It matters not in the conclusion we have reached whether or not the securities sought to be seized by the

proceeding in the probate court are the subject of a trust and we express no opinion in that respect. The circuit court in an appropriate manner will no doubt determine the questions as to the character of the said securities, and whether or not they are part of the assets of said receivership and determine the rights therein of the appellee Bolint and all others for whom he acts and will decide upon the preferences, if any, to which they are entitled. The exclusive jurisdiction for such action is in the circuit court.

No useful purpose would be accomplished in ordering a new trial. The judgment is reversed with instructions to the lower court to vacate and set aside its judgment and to render judgment for the appellant and for such other proceedings as are not inconsistent herewith.

Judgment reversed.

Wood, J., not participating.